<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4791**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BRADY WOODS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:12-cr-00157-1)

_____

Submitted: March 28, 2014        Decided: April 9, 2014

_____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John H. Tinney, Jr., TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brady Woods appeals from his convictions after a jury found him guilty of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012); possession with intent to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). Woods filed a motion to suppress evidence found during a search of his residence. The district court denied the motion. On appeal, Woods challenges only the district court's denial of his motion to suppress. We affirm.

Woods argues that the district court erred in finding that it was reasonable for officers to conduct a protective sweep of his residence. Woods argues that, when the officers conducted the protective sweep, he was handcuffed and secured in a police vehicle. He contends that the sweep was conducted after any objective threat to the officers' safety had been removed, and the sweep was in fact a post hoc rationalization to validate the seizures after execution of the search warrant.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. United States v. Burgess,

684 F.3d 445, 452 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012); United States v. Edwards, 666 F.3d 877, 882 (4th Cir. 2011). When, as here, a motion to suppress has been denied, we view the evidence presented in the light most favorable to the government. United States v. McBride, 676 F.3d 385, 391 (4th Cir. 2012).

We have reviewed the joint appendix, including the district court's order denying the motion to suppress, and the parties' briefs. Finding no error in the district court's determination of the reasonableness of conducting a protective sweep, we affirm on the reasoning of the district court on that basis. United States v. Woods, No. 1:12-cr-00157-1 (S.D. W. Va. Apr. 8, 2013). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED